SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-13-474

| | | |
|---|---|---|
| WILLIAM FOUNTAIN | | **Opinion Delivered** JANUARY 29, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT |
| V. | | [NO. CR-12-204] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant William Fountain appeals from the revocation of his probation. He argues that the trial court violated his right to confront witnesses against him. We affirm.

On March 30, 2012, appellant pleaded guilty to the charge of failure to register as a sex offender and was sentenced to five years' suspended imposition of sentence (SIS). The State filed a petition to revoke on November 14, 2012, alleging that appellant had committed a new offense of failing to comply with the reporting requirements of the sex-offender act between April 2 and November 8, 2012. The trial court revoked appellant's SIS upon finding that he had failed to report a change of address. The court found that while appellant received mail and kept some clothes at his registered address, "he did not maintain any residence there and may very well have not maintained a residence anywhere based on his nomadic lifestyle." Appellant was sentenced to two years' imprisonment and eight years' SIS.

SLIP OPINION

Michael McCoy, the sex-offender coordinator for the Fort Smith Police Department, testified at the revocation hearing that appellant's registered address was 2820 South 60th Street. Officers performed a compliance check at the address on October 24, 2012, but appellant was not there. McCoy went to the address the following day and spoke to the owner of the residence, James Patterson. Appellant objected "to whatever Mr. Patterson said" based on the Confrontation Clause right to confront and cross-examine witnesses. The objection was overruled. McCoy testified that Patterson told him that appellant had not lived there in several months.

Appellant argues that the trial court violated his right to confront witnesses against him in allowing this testimony. Although in a revocation hearing a defendant is not entitled to the full panoply of rights that attend a criminal prosecution, he is entitled to due process. *Reynolds v. State*, 2012 Ark. App. 705. Arkansas Code Annotated section 16-93-307(c)(1) (Supp. 2011) provides that, in revocation proceedings, a defendant has the right to counsel and to confront and cross-examine an adverse witness unless the court specifically finds good cause for not allowing confrontation. We have held that the trial court must balance the probationer's right to confront witnesses against grounds asserted by the State for not requiring confrontation. *Reynolds*, *supra*. First, the court should assess the explanation offered by the State for why confrontation is undesirable or impractical. *Id*. A second factor that must be considered is the reliability of the evidence that the State offers in place of live testimony. *Id*.

No such analysis took place here, and the court did not find good cause. However,

SLIP OPINION

when error occurs at revocation proceedings involving the constitutional right to confront adverse witnesses, those errors are subject to harmless-error analysis. *Reynolds*, *supra*. Among the factors for the court to consider in determining whether a Confrontation Clause violation is harmless error are the importance of the witness's testimony in the State's case; whether the testimony was cumulative; the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; the extent of cross-examination otherwise permitted; and the overall strength of the State's case. *Id*. This court does not reverse unless prejudice has been shown. *Id*.

We agree with the State that the error here was harmless. Even without McCoy's testimony concerning what Patterson told him, there was overwhelming evidence that appellant had violated the conditions of his SIS. Under the Sex Offender Registration Act, a sex offender is required to report a change of address. Ark. Code Ann. § 12-12-906 (Supp. 2011). "Change of address" or other words of similar import mean a change of residence or a change for more than thirty days of temporary domicile, change of location of employment, education or training, or any other change that alters where a sex offender regularly spends a substantial amount of time. Ark. Code Ann. § 12-12-903(4) (Supp. 2011).

Excluding the testimony allowed over appellant's objection, McCoy testified that other people had told him that appellant was working and living in a travel trailer parked at a car lot on Carthage Street. Although McCoy never saw appellant there, he did see the vehicle appellant drove, a white Ford van, parked at the trailer. McCoy never saw appellant or the van at his registered address. The testimony of appellant and his witnesses provided even

3

stronger evidence that appellant had regularly spent a substantial amount of time at a location other than his registered address.

Appellant testified that he had lived at his registered address until shortly before Halloween when a confrontation with Mr. Patterson caused him to move out. However, when asked if he had lived elsewhere during the relevant time period, appellant testified about several instances of staying with his niece for days at a time and going camping for days at a time. He also said that he intermittently worked at the car lot as a night watchman and would stay in the trailer at the lot for two to three days at a time. He further testified that he had spent nights with his girlfriend, Judy Warnock. Appellant said that he had been staying at the Patterson residence about ten to fifteen days a month. Warnock confirmed that after she started dating appellant in September 2012, he would stay at her home for two or three days at a time.

Thus, the statement by Mr. Patterson was merely cumulative and was corroborated by other evidence. The other testimony clearly demonstrated that appellant had been regularly spending a substantial amount of time at locations other than his registered address. To revoke a suspended sentence, the trial court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of suspension, and we will not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Reynolds*, *supra*. Appellant argues that we should not consider the evidence provided by his witnesses because the trial court should have granted his directed-verdict motion at the close of the State's case after sustaining his Confrontation Clause objection. However, appellant

SLIP OPINION

cites no authority establishing that we cannot consider all corroborating evidence in conducting our harmless-error analysis. We hold that the trial court's error was harmless.

Affirmed.

PITTMAN and HIXSON, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana S. Sherman*, Ass't Att'y Gen., for appellee.